**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Case No. 3:23cr62** |
| | **)** | |
| **DAI'QUAN JARRVEL LANE,** | **)** | |
| **Defendant** | **)** | |

## NOTICE OF SUPPLEMENTAL AUTHORITIES

Dai'Quan Lane, through counsel, provides the following notice of supplemental authorities in support of his motion to dismiss the indictment, *see* ECF No. 21:

On August 17, 2023, Judge Gregory Frizzell in the Northern District of Oklahoma granted a motion to dismiss a prosecution under 18 U.S.C. § 922(g)(1). *See United States v. Forbis*, No. 4:23cr133-GKF, ECF No. 37 (N.D. Okla. Aug. 17, 2023), *attached here as* Ex. A. Judge Frizzell rejected the government's argument that the Second Amendment only protects "law-abiding" persons and found that felons are included in "the people" under the Second Amendment. *Id.* at 5-6 (collecting cases finding that felons are part of "the people" covered by the Second Amendment). Judge Frizzell further found that the Supreme Court's reference in *District of Columbia v. Heller*, 554 U.S. 570 (2008), to "longstanding prohibitions," like felon-in-possession laws, was dicta. *See* Ex. A at 9-10. Because the government had not demonstrated that § 922(g)(1) was consistent with this country's historical tradition of gun regulation, Judge Frizzell granted Mr. Forbis's motion to dismiss the indictment. *Id.* at 12.

On August 22, 2023, Judge Jennifer Wilson in the Middle District of Pennsylvania granted a motion to dismiss a prosecution under 18 U.S.C. § 922(g)(1). *See United States v. Quailes*, --- F. Supp. 3d ----, 2023 WL 5401733 (M. D. Pa. Aug. 22, 2023). In that case, Judge Wilson found

that the type of felony conviction mattered not to the plain text Second Amendment analysis set forth in *New York State Rifle & Pistol Association, Inc., et al. v. Bruen*, 142 S. Ct. 2111 (2022). *See Quailes*, 2023 WL 5401733, at *7-8.  Judge Wilson also found that Supreme Court's reference in *District of Columbia v. Heller*, 554 U.S. 570 (2008), to "longstanding prohibitions" like felon-in-possession laws was dicta.  *See Quailes*, 2023 WL 5401733, at *10.  As in *Forbis*, the government's general arguments about "dangerousness" were "too broad and d[id] not carry the Government's burden under the *Bruen*/*Range* standard."  *Quailes*, 2023 WL 5401733, at *12.  Because the government had not demonstrated that § 922(g)(1) was consistent with this country's historical tradition of gun regulation, Judge Wilson granted Mr. Quailes's motion to dismiss the indictment.  *Id.* at *12.

As set forth above and in ECF Nos. 21 and 29, the Court should dismiss the indictment in this case as Mr. Lane's prosecution under the indictment violates his Second Amendment right to keep and bear arms.

Respectfully submitted,
DAI'QUAN JARRVEL LANE

By: _____/s/_____
Laura Koenig
Va. Bar No. 86840
Counsel for Defendant
Office of the Federal Public Defender
701 E Broad Street, Suite 3600
Richmond, VA 23219-1884
Ph. (804) 565-0881
Fax (804) 648-5033
laura_koenig@fd.org